**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

RONNIE EUGENE DENTON, as
Administrator of the Estate of
VICKI LYNN DENTON, and
RONNIE DENTON, and LESLIE
DENTON, as Permanent
Guardians of DALTON BRETT
DENTON, a minor,

    Plaintiffs,

  v.

DAIMLERCHRYSLER
CORPORATION,

    Defendant.

CIVIL ACTION NO.
1:06-CV-2682-RWS

## **ORDER**

This case is before the Court on Defendant's Motion for Partial Summary Judgment on Punitive Damages [76]. After considering the entire record, the Court enters the following Order.

### **Background**[1]

This is a product liability case arising from an automobile accident that

---

[1] The Court makes no formal findings with regards to the facts stated herein, which are gathered from Plaintiff's Complaint [1].

AO 72A
(Rev.8/82)

occurred on November 11, 2004. Vicki Lynn Denton ("Denton") was driving a 1998 Dodge Caravan with her seven-year-old son sitting in the front passenger seat, when another vehicle[2] crossed the center line and collided with the Caravan. During the course of the collision, the Caravan's passenger-side airbag deployed, but the driver-side airbag failed to deploy. Denton sustained serious injuries, was hospitalized, and died. Plaintiffs have named Daimler Chrysler Corporations ("Chrysler") as the sole defendant in this tort action

Chrysler concedes that the Caravan's driver-side airbag was designed to deploy in this type of accident. Chrysler explains that it failed to deploy due to a malfunction of the "clockspring," which is an internal component of the airbag system. The Caravan was equipped with a warning lamp intended to illuminate on the dashboard when the clockspring is malfunctioning. Plaintiffs' expert and Defendant's expert agree that the warning lamp had illuminated at least 32,000 minutes before Denton's vehicle was involved in the collision.

Chrysler also indicates other measures that the company took with regard to the safe functioning of the airbag system, including cooperation with an

---

[2] Plaintiff previously settled with the driver of the other vehicle, who is not a party to this suit.

2

extensive inquiry by the National Highway Traffic Safety Administration ("NHTSA") into the Caravan's clockspring mechanism. After this investigation, Chrysler determined that the malfunction was caused either by installation damage to the clockspring when the vehicle was first built at the assembly plant or subsequent damage when certain types of repair services were performed on the vehicle. Based on these conclusions, Chrysler created a recall plan for affected vehicles, which was accepted by NHTSA. Chrysler's recall campaign - applicable to a multi-year class of affected vehicles, including the 1998 Caravan at issue in this case - under which it would (1) replace the clockspring of vehicles with fewer than 70,000 miles, and (2) extend the vehicle's warranty for those with over 70,000 miles and instruct owners to bring in the vehicle for a free clockspring inspection and repair the system if the airbag warning lamp illuminated. Chrysler sent this recall notice to the address that they had on file for Denton, which was indeed her residence at the time that the recall notice was sent.

## Discussion

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and

3

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

4

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (stating that once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts"). With this standard as a foundation, the Court turns to address the merits of Defendant' Motion for Partial Summary Judgment [76].

Chrysler has moved for partial summary judgment on the issue of punitive damages in this case. Defendant argues that it took ample steps to address the clockspring problems in Plaintiff's vehicle. Plaintiffs contend, on

5

the other hand, that they are entitled to punitive damages because the recall notice was late, underinclusive, and confusing. After reviewing the entire record and applicable law on punitive damages, the Court concludes that summary judgment shall be granted in favor of Defendant on the issue of punitive damages.

Under Georgia law, an award of punitive damages is authorized in any "tort action in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). "Specific intent to cause harm" is only relevant in those cases where punitive damages are awarded in excess of $250,000. O.C.G.A. § 51-12-5.1(f).

In this case, a reasonable jury could not find by clear and convincing evidence that Defendant's conduct rose to the level of "willful misconduct, malice, fraud, wantonness, oppression, or [an] entire want of care." O.C.G.A. § 51-12-5.1(b). The record shows that while a fact issue may exist with regard to Mrs. Denton's receipt of a recall letter, there is no genuine issue of material fact as to whether Defendant sent a recall letter to her address. Furthermore, while

6

there is some dispute over whether Mrs. Denton's vehicle had over or under 70,000 miles on it when the recall was issued, there is no genuine issue of material fact with regard to whether the clockspring warning light had been on for a significant period of time prior to the accident at issue.  Hence, the recall would have applied to her vehicle regardless of its precise mileage. Defendant consciously designed the vehicle with a warning light to alert users of a malfunction in the clockspring and airbag system.  Defendant also issued a comprehensive recall based on their knowledge of the defect in the system, and the recall met the standards set by NHTSA.  For these reasons, the Court concludes that a reasonable jury could not find by clear and convincing evidence that Defendant's actions constituted "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care conscious indifference to consequences."  O.C.G.A. § 51-12-5.1(b).  Therefore, on this ground, Defendant's Motion for Partial Summary Judgement is due to be GRANTED.[3]

---

[3] As an alternate ground for partial summary judgment, Chrysler maintains that Plaintiff's claim for punitive damages is preempted by federal law.  Defendant urges this Court to conclude that NHTSA's acquiescence in an automobile manufacturer's recall preempts state law governing the award of punitive damages.  In urging so, Chrysler cites no legal authority applicable to the context of the case at bar.  The

7

## Conclusion

For these reasons, Defendant's Motion for Partial Summary Judgment [76] is hereby **GRANTED**.

**SO ORDERED**, this   2nd   day of December, 2008.

*Richard W. Story*

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

Court must conclude that compliance with standards or regulations does not insulate a defendant from compensatory or punitive damages.  See Doyle v. Volkswagenwerik Aktiengesellschaft, 267 Ga. 574, 577, 481 S.E.2d 518, 521 (1997) (holding that compliance with federal standards and regulations is a factor for the jury to consider but that this factor does not make a defendant immune from liability).

AO 72A
(Rev.8/82)